# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**HENRY TIMBERLAKE DUNCAN,**

    **Plaintiff,**

v.                                               Case No. 3:18-cv-01373

**SERGEANT ADKINS, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Henry Timberlake Duncan (hereinafter also referred to as "Duncan"), proceeding *pro se* and currently incarcerated at the Huttonsville Correctional Center in Huttonsville, West Virginia, seeks money damages under 42 U.S.C. § 1983 for alleged violations of his civil rights that occurred when he was a pretrial detainee at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5).

Pending before the Court are the following motions:

1. Applications to Proceed Without Prepayment of Fees and Costs, (ECF No. 1, 6);

2. Motion/Request to be Indigent, (ECF No. 7); and

3. Motion to Amend Complaint, (ECF No. 9).

1

Given that Plaintiff has paid the filing fee, the Court **DENIES** Duncan's Applications to Proceed Without Prepayment of Fees and Costs and his Motion/Request to be Indigent, as moot, (ECF Nos. 1, 6, 7). Duncan expresses concern in his Motion/Request to be Indigent that he will be unable to afford the fees to serve the defendants named in the Amended Complaint. Duncan is advised that he may request assistance with service of process in the future by filing a Motion pursuant to Fed. R. Civ. P. 4(c)(3).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Duncan's Motion to Amend the Complaint, (ECF No. 9); **DISMISS** the Complaint, (ECF No. 3), without prejudice, as it is duplicative of claims already pending in this Court in Case No. 3:18-cv-1355; **ORDER** the Clerk of Court to docket the Amended Complaint, (ECF No. 9-1), **TRANSFER** the instant civil action to the United States District Court for the Northern District of West Virginia, at Elkins, for further proceedings; and **REMOVE** this case from the docket of the Court.

## I.  Relevant History

On October 22, 2018, Duncan filed the complaint herein, alleging Eighth Amendment violations related to an assault he suffered while incarcerated at the Western Regional Jail. (ECF No. 3). Duncan also submitted an Application to Proceed *in forma pauperis*. Finding the Application to be insufficient, the undersigned ordered Duncan to submit an amended Application, which he did on December 6, 2018, along with his Motion/Request to be declared indigent. (ECF Nos. 5, 6, 7). In the Motion, Duncan explained his financial status. He stated that he had two cases pending in this Court and asked that he only be required to make partial payments on the filing fees in both cases. (ECF No. 7). However, before the Court ruled on the Motion, Duncan paid the full filing fee in the other pending action, Case No. 3:18-cv-1355, and subsequently paid the full

filing fee in the instant action. (ECF No. 11).

On March 20, 2019, Duncan filed a Motion to Amend the Complaint. (ECF No. 9). The Motion to Amend alleges a variety of constitutional violations related to Duncan's conditions of confinement at Huttonsville Correctional Center ("HCC"). Duncan seeks to add seventeen defendants who are employees of HCC; four individual contract employees assigned to HCC; and Commissioner Jividen, who allegedly is responsible for the overall operations of the West Virginia Division of Corrections, including HCC. None of the claims or allegations in the proposed amended complaint involve the Western Regional Jail, any employee or contractor of the Western Regional Jail, or any of the defendants previously named in this civil action. To the contrary, all of the allegations and claims in the proposed amended complaint relate to or arise from events occurring at HCC and from policies, procedures, and practices of HCC.

Duncan explains in his Motion to Amend that by filing the amended complaint, he intends to sever the defendants and allegations related to the Western Regional Jail and pursue those claims in his other pending action—Case No. 3:18-cv-1355. (ECF No. 9 at 1). Duncan notes that he has already filed an amended pleading in the latter case, adding the jail defendants and allegations from this action. Furthermore, in a letter to the Clerk of Court, Duncan makes clear that he intends the amended complaint herein to entirely supersede his prior pleading, changing all of the named defendants and the factual grounds of the claimed constitutional violations. (ECF No. 10).

II. <u>Discussion</u>

    ***A. Motion to Amend Complaint and Dismiss Original Complaint***

Rule 15(a)(1) allows a party to amend its pleading "once as a matter of course" within 21 days after serving it, or, if the pleading is one to which a responsive pleading is

filed, within 21 days after service of a responsive pleading or 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e), (f), whichever is earlier. In this case, Duncan's complaint has not yet been served, and this is the first amendment he has proposed; accordingly, the undersigned **FINDS** that his Motion to Amend the complaint should be granted and the Clerk of Court should be **ORDERED** to docket same.

"As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.),* 226 F.3d 160, 162 (2d Cir. 2000)). Duncan plainly understands the legal consequence of his Motion to Amend; indeed, he seeks to combine all of the jail defendants and claims in one action—Case No. 3:18-cv-1355—so that he can pursue his claims against the Huttonsville defendants in a separate lawsuit. (ECF Nos. 9, 10). Given that Duncan has another case pending in this Court in which he is pursuing alleged constitutional violations at the Western Regional Jail, and he effectively seeks to dismiss those causes of action from this lawsuit via his Amended Complaint, the undersigned **FINDS** that the Complaint, (ECF No. 3), should be dismissed, with prejudice, as it has been subsumed in Case No. 3:18-cv-1355.

### B. Transfer of this Action to Northern District of West Virginia

In the Amended Complaint, Duncan asserts that venue is proper in this District and Division under 28 U.S.C. § 1391(e)(1)(C), because the Huntington Division is where he "resided prior to incarceration and plans to reside after incarceration and there is no real property involved in the action." (ECF No. 9-1 at 2). He also claims venue under 28 U.S.C. § 1391(e)(1)(A) on the ground that "a defendant" resides in the Southern District of West Virginia, although he does not specify which defendant resides in this District. He

does not allege that any defendant resides in the Huntington Division.

Title 28, Section 1391 of the United States Code addresses venue in the district courts, in general. Subsection (e) specifically applies to actions "where the defendant is [an] officer or employee of the United States." 28 U.S.C. § 1391(e). Section 1391(e)(1)(C) allows "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity" to be brought in any judicial district where the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1)(c). Section 1391(e)(1)(A) permits such actions to be filed in a district where "a defendant in the action resides." 28 U.S.C. § 1391(e)(1)(A). Neither of these provisions apply to Duncan's case, however, because none of the defendants named in the Amended Complaint is identified as an employee or agent of the United States being sued in his or her official capacity. Therefore, the undersigned **FINDS** that Subsection (e) of 28 U.S.C. § 1391, the basis for venue provided by Duncan in his Amended Complaint, is not determinative of the proper venue for this civil action.

Section 1391(b)(1) provides that the civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). As previously stated, although Duncan claims that one of the defendants resides in the Southern District of West Virginia, he does not provide any factual basis for that conclusion, nor does he allege that all of the remaining defendants are residents of West Virginia. Consequently, the undersigned **FINDS** that the allegations in the Amended Complaint fail to state a sufficient factual foundation to support venue in this District, or in this Division.

The Amended Complaint does, on the other hand, establish venue in the United States District Court for the Northern District of West Virginia, Elkins Division. Section

1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The alleged constitutional violations of which Duncan complains occurred at Huttonsville Correctional Center, which is located in Randolph County in the Northern District of West Virginia, Elkins Division. Therefore, venue is proper in that Court, and the undersigned **FINDS** that this cause of action should be transferred to that jurisdiction.

Assuming for argument's sake that venue were appropriate in this District, the undersigned **FINDS** that the case should still be transferred to the United States District Court for the Northern District of West Virginia, Elkins Division, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) allows the district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "A section 1404(a) transfer is guided by the consideration of a number of 'case-specific factors.'" *Cyfers v. Collins Career Ctr.*, No. 2:18-CV-01127, 2018 WL 5269368, at *2 (S.D.W. Va. Oct. 23, 2018) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In deciding whether to transfer under 1404(a), the district court should consider: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Other factors that might bear on the analysis include: "(1) ease of access to sources of proof; (2) the convenience of compulsory process; ... (5) the possibility of a view; and (6) the interest in having local controversies decided at home." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D.W. Va. 1994). Ultimately, the decision of whether to transfer is a matter "committed to the sound discretion of the court." *Shrewsbury v. Am. Red Cross Mid Atl.*

*Region*, No. 2:18-CV-00531, 2018 WL 2392546, at *1–2 (S.D.W. Va. May 25, 2018) (quoting *AFA Enters., Inc.,* 842 F. Supp. at 908).

Considering the first factor, although great weight is ordinarily given to a plaintiff's choice of forum, Duncan's stated reason for selecting this District and Division does not militate strongly against transfer. He indicates that he previously lived in this District and Division and intends to return here. Nevertheless, Duncan is now domiciled in Huttonsville, and according to the Division of Corrections inmate locator, his next parole hearing is not scheduled until August 25, 2020, and his anticipated release date is not until February 23, 2028. *See* https://apps.wv.gov/ois/offendersearch. It case will most likely be resolved before his release from custody. While Duncan could possibly be transferred to another Division of Corrections facility, there is no such facility in the Huntington Division. Thus, it is unlikely that he will be domiciled in this area at any time in the near future. For this reason, there is no particular "proximity" benefit, nor convenience to Duncan associated with having the matter pend in this Court.

Looking at the other factors, such as convenience to witnesses and parties, from the allegations contained in the Amended Complaint, it appears that 21 of the 22 defendants are stationed at HCC. Huttonsville is approximately a 400-mile roundtrip to the federal courthouse in Huntington. It is a mere 38-mile roundtrip to the federal courthouse in Elkins. Likewise, the vast majority of the parties presumably live much closer to Elkins than to Huntington. Duncan seeks assistance with service of process. Obviously, service can be accomplished more efficiently by designated personnel in the Northern District of West Virginia than by personnel in this District. In addition, all of the events giving rise to the Amended Complaint occurred at HCC. Some of the alleged violations arise from practices or policies that Duncan claims are unique to HCC.

Therefore, the critical witnesses are likely to be located in Randolph County, or at least in the Northern District of West Virginia. Duncan complains about such things as the ventilation system at HCC, the recreation area, and other aspects of the correctional facility's physical structure. As such, any physical evidence is likely located in Huttonsville, and any site viewing would have to take place in Huttonsville.

Finally, "the interests of justice" weigh in favor of transfer. "This factor is broad and 'encompasses public interest factors aimed at systemic integrity and fairness.'" *Shrewsbury*, 2018 WL 2392546, at *3 (quoting *Heuvel v. Navy Fed. Credit Union*, No. 3:16-cv-1839, 2016 WL 7155769, at *4 (S.D. W. Va. Dec. 7, 2016)). There plainly is no connection between this Division and the allegations in the Amended Complaint. As the Court pointed out in *Shrewsbury,* West Virginia law requires all actions against political subdivisions to be brought in the county in which the subdivision is located or the action arose. Such a requirement furthers the goal of having local controversaries decided at home. Given that HCC is located in Randolph County, West Virginia, and the action arose there, the undersigned concludes that justice is best served by transferring this civil action to the federal district court and division that serves Randolph County.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that the Motion to Amend the Complaint, (ECF No. 9) be **GRANTED**; the Complaint, (ECF No. 3), be **DISMISSED,** without prejudice, as it is duplicative of the claims raised in Case No. 3:18-cv-1355; the Clerk of Court be **ORDERED** to docket the Amended Complaint, (ECF No. 9-1), the instant civil action be **TRANSFERED** to the United States District Court for the Northern District of West Virginia at Elkins pursuant to 28 U.S.C.

§1404(a) for further proceedings; and this case be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** March 28, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge